IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

CASES ASSIGNED TO
JUDGE SARAH E. GERAGHTY

## **STANDING ORDER REGARDING CIVIL LITIGATION**

This case has been assigned to Judge Sarah E. Geraghty.  The purpose of this order is to inform the parties and their counsel of the Court's policies, procedures, and practices. It is issued to promote the just and efficient determination of the case. This order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders.  This order is available on the Court's website at https://www.gand.uscourts.gov/instructions-individual-judges.

## TABLE OF CONTENTS

I.    GENERAL MATTERS ........................................................... 4

    A.    Applicable Rules ....................................................... 4

    B.    Contacting Chambers ................................................. 4

    C.    Transcripts ............................................................. 5

    D.    Courtesy Copies of Documents ...................................... 5

    E.    Labeling E-Filed Exhibits and Attachments ........................ 6

    F.    Admission of Counsel Pro Hac Vice ................................. 6

    G.    Electronic Filing Required for All Counsel .......................... 6

    H.    Withdrawal or Substitution of Counsel ............................. 7

    I.    Representation of Corporations ...................................... 7

    J.    Limited Liability Companies; Jurisdiction .......................... 8

II.   *PRO SE* LITIGANTS ......................................................... 8

    A.    In General ............................................................. 8

    B.    Communications and Filings ........................................ 9

    C.    Service of Documents ............................................... 11

III.  CASE ADMINISTRATION .................................................. 13

    A.    Conferences ........................................................... 13

    B.    Proposed Orders ...................................................... 13

    C.    Extensions of Time .................................................... 14

    D.    Page Limit Extensions ............................................... 14

    E.    Stipulations Regarding Time and Page Extensions ............... 15

    F.    Page Limits for Objections to Magistrate Judges' Reports and
        Recommendations ................................................... 15

    G.    Motions to Seal ....................................................... 15

    H.    Anticipated Settlements; Alerting the Court........................ 15

IV.  DISCOVERY ................................................................. 16

  A.  General Principles of Discovery ............................................. 16

  B.  Joint Preliminary Report and Discovery Plan ...................... 17

  C.  Initial Disclosures ................................................................. 17

  D.  Discovery Responses; Boilerplate and General Objections ................ 18

  E.  Interrogatories .................................................................... 18

  F.  Requests for Production or Inspection ................................. 19

  G.  Requests for Admission ..................................................... 20

  H.  Depositions ......................................................................... 21

  I.  Discovery Disputes; Requirements Before Filing Certain Discovery Motions ................................................................. 21

  J.  Confidentiality Agreements, Protective Orders, and Motions to Seal ......................................................................... 23

V.  MOTIONS FOR SUMMARY JUDGMENT ............................ 25

  A.  Record References ............................................................. 25

  B.  Statement of Material Facts & Response ........................... 26

  C.  Requests for Oral Argument ............................................. 27

VI.  PRETRIAL ORDER, PRETRIAL CONFERENCE AND TRIAL............ 27

  A.  Pretrial Order .................................................................... 27

  B.  Pretrial Conference .......................................................... 29

  C.  Time in Court During Trial .............................................. 30

  D.  Voir Dire ........................................................................... 30

  E.  Courtroom Procedure at Trial .......................................... 32

  F.  Courtroom Technology ..................................................... 35

  G.  Jury Instructions .............................................................. 36

## I.    GENERAL MATTERS

### A.    <u>Applicable Rules</u>

Attorneys and *pro se* litigants (parties without an attorney) appearing in this court in civil litigation must observe three sets of rules:

1. The Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

2. The Local Rules for the Northern District of Georgia ("LR, NDGA").

3. The rules contained in this Standing Order.

The Federal and Local Rules are available under the "Rules" tab on the Court's website: http://www.gand.uscourts.gov.

### B.    <u>Contacting Chambers</u>

Stephanie Pittman, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Please note that Ms. Pittman is often in the courtroom, so telephone messages may not be returned for 24 hours. The contact information for Ms. Pittman is as follows:

> Ms. Stephanie Pittman
> Courtroom Deputy Clerk
> 2321 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309
> (404) 215-1494
> Stephanie_Pittman@gand.uscourts.gov

4

Neither the parties nor their counsel should discuss the merits of the case with Ms. Pittman or any of the Court's law clerks.

### C.    Transcripts

Requests for trancripts should be directed to the official court reporter who took down the proceeding.  Contact information for all of the District Court reporters is available on the Court's website at http://www.gand.uscourts.gov/directory-court-reporters.

### D.    Courtesy Copies of Documents

Except for emergency motions filed pursuant to Local Rule 7.2(B),[1] the delivery of a hard copy of a document, in addition to the electronically filed copy, is not necessary, as the Court prefers to rely on its electronic access to court filings. The Court may, however, request courtesy copies of motions with voluminous exhibits.

If they are requested, courtesy copies of documents may be hand-delivered to chambers in Room 2321 on the 23rd floor of the Richard B. Russell Federal Building or submitted by regular mail to the attention of the Courtroom Deputy Clerk at the above-provided address.

---

[1] *Pro se* litigants are not required to provide courtesy copies of documents for cases before Judge Geraghty.

Courtesy copies of motions and exhibits should be printed double-sided directly from the docket on the CM/ECF system with the docket header across the top of the document so that the case number, docket number, and page numbers appear on each page.  Courtesy copies should be assembled in a tabbed, indexed three-ring binder.

### E.    Labeling E-Filed Exhibits and Attachments

The parties should label all electronically uploaded exhibits and attachments according to their content.  For example, documents should be uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than Ex. A, Ex. B, and Ex. C.

### F.    Admission of Counsel *Pro Hac Vice*

In the event that lead counsel has been admitted *pro hac vice*, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

### G.    Electronic Filing Required for All Counsel

All counsel — including counsel admitted *pro hac vice* — must register and participate in the Court's electronic filing system, CM/ECF (Case

Management/Electronic Case Filing). For further information about electronic filing, please consult:

(1)    Standing Order 19-01 at https://www.gand.uscourts.gov/sites/default/files/NDGARulesAppH.pdf

(2)    Local Rule 5.1, NDGa

(3)    Instructions under the "Electronic Filing" tab on the Court's website at https://www.gand.uscourts.gov/electronic-case-filing-information.

Failure to register for the Court's electronic filing system may prevent counsel from receiving notification of documents filed in their cases.

### H.    Withdrawal or Substitution of Counsel

Counsel should comply with Local Rule 83.1, NDGa, when substituting or withdrawing as counsel. Counsel who do not comply with this Local Rule will not be permitted to withdraw from the case until compliance is achieved.

### I.    Representation of Corporations

Corporate entities must be represented by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in Georgia. *See* Local Rule 83.1, NDGa. Failure to comply with this rule can result in dismissal of a corporation's complaint or default being entered against the corporation.

**J.**    **Limited Liability Companies; Jurisdiction**

For cases brought before the Court based on diversity of citizenship under 28 U.S.C. § 1332, the Court must decide whether it has jurisdiction based on the citizenship of individuals and entities. In cases in which one or more parties is a limited liability company, partnership, or similar entity, the removing party must provide the Court with the identity and citizenship of each of the entity's members and sub-members (or partners and sub partners), until the Court is left only with individuals or corporations to evaluate for diversity of citizenship purposes.   Counsel representing limited liability companies (LLCs) in diversity cases are encouraged to read the following decisions of the Eleventh Circuit Court of Appeals: *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004);  *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304 (11th Cir. 2011); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017).

## II.    *PRO SE* LITIGANTS

**A.**    **In General**

Parties proceeding *pro se* (without an attorney) are advised that they must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as

well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR, NDGa."). *Pro se* parties may obtain certain materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia. Many documents are also available on the Court's website at www.gand.uscourts.gov. The Federal Bar Association has created a handbook for litigants who are representing themselves in federal court. This handbook is available at https://www.fedbar.org/wp-content/uploads/2019/12/Pro-Se-Handbook-APPROVED-v2019-2.pdf.

### B. <u>Communications and Filings</u>

Parties litigating a case in federal court should not have *ex parte* communications with the judge or the judge's staff. "*Ex parte* communications" mean any contact with the judge or judge's staff outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel.

If a litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's Office, and serve the opposing party or party's counsel. *See* Fed. R. Civ. P. 5; Local Rule 5.1 and 5.2, NDGa.; *see also* Local Rule 7.4, NDGa.

("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter.  A letter seeking such action ordinarily will not be treated as a motion.")

All filings must be submitted to the Clerk's Office for inclusion in the record of the case.  *Pro se* litigants may send their filings by mail to the following address:

> Office of the Clerk
> Room 2211
> United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303

Alternatively, filings may be submitted in person at the Clerk's Office on the 22nd floor of the United States Courthouse located at 75 Ted Turner Drive, SW, Atlanta, GA 30303.  The Clerk's Office is open from 8:00 AM - 4:45 PM, Monday-Friday.  A drop box for filings is available Monday-Friday until 6:00 PM.  Any filings left in the drop box will be deemed filed as of the date they are left in the drop box.  All filings should include a case number. Questions regarding filing documents should be directed to the Clerk's Office helpline at (404) 215-1655 between 8:00 AM and 4:45 PM, Monday - Friday.  Emails to the Courtroom Deputy Clerk do not constitute official filings with the Court.

*Pro se* parties are required to keep the Court advised of their current address at all times while the case is pending.  Local Rule 83.1(D)(3), NDGa

states that counsel and *pro se* parties have a duty to notify the Clerk's Office by letter of any change in address and/or telephone number.

*Pro se* parties are encouraged to provide the opposing party/counsel with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail. If a *pro se* party provides an email address, opposing counsel shall serve copies of all pleadings by email and regular mail. <u>*Pro se* parties are advised, however, that the Court will serve them orders and notices by mail only and not by email.</u>

### C.    <u>Service of Documents</u>

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by any party unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve documents in the following instances:

(1) In the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees), the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the complaint or other case initiating document(s); or

(2) In exceptional circumstances under the Court's discretion.

Under other circumstances, parties must hire a private process server. The National Association of Professional Process Servers provides a search engine for locating process servers at its website www.napps.org.

A *pro se* plaintiff is required to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint. A *pro se* plaintiff is further required to serve upon the defendant(s) or counsel for the defendant(s),[2] a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including papers related to discovery required to be served, motions, notices and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was served (e.g., mailed or hand-delivered) on the defendant(s) or their counsel.

Please note that a motion is considered unopposed if the deadline for a response passes without a response being filed. *See* Local Rule 7.1B, NDGa. Furthermore, under Local Rule 56.1, NDGa, if a party files a motion for summary judgment, the failure by the responding party to contest the

---

[2] Once counsel for a party has appeared in the case, it is not necessary to serve the party individually; service on counsel is sufficient.

movant's statement of material facts will be taken as an admission of those facts not objected to in respondent's statement.

## III.    CASE ADMINISTRATION

### A.    <u>Conferences</u>

Scheduling, discovery, pretrial, and settlement conferences promote the speedy, just, and efficient resolution of cases.  Therefore, any party is welcome to request a conference with the Court when the party believes that a conference will be helpful and the party has specific goals for the conference.  Conferences may be requested by contacting the Courtroom Deputy Clerk.

### B.    <u>Proposed Orders</u>

Please provide a proposed order for (1) consent, unopposed, or joint motions; (2) motions seeking an extension of time, and (3) motions seeking an extension of page limitations.  The proposed order should be filed along with the motion by CM/ECF.  In all other instances, no proposed order is required unless specifically requested.

When a party is required to submit proposed findings of fact and conclusions of law, *see* Local Rule 16.4B(25), NDGa, the filing party should provide an electronic copy of the document in Microsoft Word format to the

Courtroom Deputy Clerk, Ms. Pittman, at Stephanie_Pittman@gand.

uscourts.gov.  The party should also file a copy of the document on the docket

of the case.

### C.   Extensions of Time

The Court, along with the parties, is responsible for processing cases

toward prompt and just resolutions.  To that end, the Court seeks to set

reasonable but firm deadlines.   Motions for extension, whether joint,

unopposed, or designated as consent, will not be granted as a matter of

course.  Parties seeking an extension should explain with specificity the

unanticipated or unforeseen circumstances necessitating the extension and

should set forth a timetable for the completion of the tasks for which the

extension is sought.  Whenever possible, parties should indicate whether the

opposing party consents to the extension.  The parties are encouraged to file

any motion requesting an extension at least 2 days before the deadline in

question.

### D.   Page Limit Extensions

Requests for extensions of the page limits in the Local Rules will not be

granted as a matter of course.  Parties seeking an extension of the page limit

must do so at least 2 days in advance of their filing deadline and should explain

with specificity the circumstances necessitating additional pages.  Whenever possible, parties should indicate whether the opposing party consents to the request for additional pages.

### E.    Stipulations Regarding Time and Page Extensions

Parties may not stipulate to extensions of time or additional pages. Instead, the Court requires the parties to file a motion, as explained above.

### F.    Page Limits for Objections to Magistrate Judges' Reports and Recommendations

Objections and responses to objections shall be limited to 15 pages, absent special permission of the Court.

### G.    Motions to Seal

Please see page 24.

### H.    Anticipated Settlements; Alerting the Court

When all parties to a matter have reached a tentative settlement or agreed to a settlement in principle, but have not yet completed all steps necessary to document the settlement, they should alert the Court to this status by filing a Notice of Settlement (or Notice of Tentative Settlement) that indicates the amount of time needed to complete the settlement process and dismiss the action. This notice does not end the case.  Once the

settlement is finalized, the parties must complete the final step of dismissing the case.  *See* Fed. R. Civ. P. 41.

## IV.    DISCOVERY

### A.    <u>General Principles of Discovery</u>

In conducting discovery, counsel and *pro se* litigants should be guided by courtesy, candor and common sense, and should conform to the Federal Rules of Civil Procedure, the Local Rules and applicable orders.  In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Federal Rule of Civil Procedure 26(b) and the good faith obligations in Rule 26(g).  Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

<u>All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period</u>.  Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with Local Rule 26.2(B), NDGa.  All requests for extensions of the discovery period must be made by motion filed prior to the expiration of the existing discovery period.  Stipulations between the parties for the extension of discovery do not constitute official extensions.  Any extension must be made by order of the Court.  The Court does not allow

evidence at trial which was requested and not revealed during the discovery period.

### B.  **Joint Preliminary Report and Discovery Plan**

Prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues, and discuss other matters. Local Rule 16.1, NDGa.  With respect to deadlines addressed in the Report, the Court requires specific due dates to be provided. For example, the parties should state in the proposed Scheduling Order submitted with the Report the dates for the end of discovery based on the track set forth by the Court for the category of case involved, for the filing of dispositive motions, and for the filing of the Pretrial Order. In certain cases, the Court may schedule a Rule 16 conference. Whether a conference will be scheduled generally will be determined after the Court reviews the Joint Preliminary Report and Discovery Plan. The Court will typically schedule a conference if any party so requests.

### C.  **Initial Disclosures**

The judge expects the parties to take seriously their obligations under Fed. R. Civ. P. 26(a)(1).  Initial disclosures should be as complete as possible

based upon information reasonably available. Responses may not be reserved for later supplementation.

### D.    <u>Discovery Responses; Boilerplate and General Objections</u>

Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B) prohibit boilerplate and general objections in response to discovery requests.  Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence. Instead, each individual discovery request must be met with specific objections which apply to each request.  Any general objections shall be disregarded by the Court.

### E.    <u>Interrogatories</u>

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief, straightforward, neutral, particularized, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification

of persons or documents, dates, places, transactions, and amounts.
Argumentative interrogatories, attempts to cross-examine, and multiple
repetitive interrogatories are objectionable.

Federal Rule of Civil Procedure 33(b)(3) requires the respondent to
provide separate written answers to each interrogatory unless it is objected
to.  If an objection is made, the reason(s) for the objection shall be stated and
the interrogatory is to be answered to the extent it is not objectionable. When
in doubt about the meaning of an interrogatory, give it a reasonable
interpretation (which may be specified in the response) and answer it so as to
provide rather than deny information. Generally, the responding party is
required to produce information only in the form in which it is maintained or
is available. If an answer is made by reference to a document, attach it or
identify it and make it available for inspection.  Generalized cross-references,
such as to a deposition, are not acceptable answers.  If an objection is based
on privilege, the claim of privilege must be supported by a statement of
particulars sufficient to enable the Court to assess its validity.

### F.    Requests for Production or Inspection

Please consult Fed. R. Civ. P. 26(b) and 34 about the permissible scope
of discovery and objections. To the extent possible, requests should specify
with particularity the title and description of documents or records

requested. (Information needed for specification can often be obtained by informal discovery, deposition, or interrogatories, if necessary.) The certification requirement of Fed. R. Civ. P. 26(g) applies.

When responding to requests, materials (including electronically stored information) should be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E). Documents should be produced either (1) with labels corresponding to the categories in the specific requests to which they respond, or (2) in a format that makes it clear which document is responsive to each particular request. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules.

## G.    Requests for Admission

Requests for admission are an economical and efficient means of narrowing issues and making a record of informal exchanges of information, stipulations, and matters subject to judicial notice. Each request should be brief, clear, simple, addressed to a single point and stated in neutral, nonargumentative language. Requests ordinarily should deal with only objective facts. The counsel's or *pro se* litigant's signature certifies compliance with Fed. R. Civ. P. 26(g). Fed. R. Civ. P. 36(a)(4) requires that a response specifically deny a matter or set forth in detail the reasons why the

party cannot admit or deny.  A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before responding.

### H.    Depositions

Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed.

Questions should be brief, clear, and simple. A deposition should not be used to harass or intimidate a witness.

Under Fed. R. Civ. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified.

### I.    Discovery Disputes; Requirements Before Filing Certain Discovery Motions

Notwithstanding Local Rule 37.1, NDGa, prior to filing any motion related to discovery, including but not limited to motions to compel discovery, to quash a subpoena, for a protective order, or for sanctions (with the

exception of unopposed, consent, or joint motions to extend the discovery period), the movant, after conferring with the respondent in a good-faith effort to resolve the dispute by agreement, must contact the Courtroom Deputy Clerk,  Ms. Pittman, by email, copying opposing counsel, to notify her that there is a discovery dispute. The Court will then likely schedule a conference call. Prior to the call, the Court will typically request that each side submit a brief statement by email of no more than 3 pages setting forth the issues in advance of the conference call. If the statements refer to specific discovery requests, those requests should be provided in their entirety with the parties' response. Ms. Pittman will then schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion, and a court reporter will be provided by the Court to take down the conference call.  <u>Please note that any motions to compel, to quash a subpoena, or for sanctions will be denied without prejudice if this procedure is not followed by any party.</u>

In addition, if any party has a dispute with a non-party (e.g., regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy. If the non-party requires the Court's involvement in resolving the dispute, it

should not file a motion, but rather, should follow the procedure detailed in this subparagraph.

The Court usually is available by telephone to resolve objections and disputes that arise during depositions. Counsel should not hesitate to call Judge Geraghty (404-215-1490) if a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so.

**J.      Confidentiality Agreements, Protective Orders, and Motions to Seal**

The Court discourages the excessive use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."  While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used more often than truly necessary. The Court is aware that the parties will at times agree to designate documents as "confidential." However, the Court will not approve consent protective orders that conflict with the Court's view on the sealing of materials.

As a guide to counsel, the Court notes that (in most cases) documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the

Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Counsel should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

If the parties find that a confidentiality agreement or protective order is necessary, the parties must follow the practice for filing and sealing documents as described in the Court's Procedure for Electronic Filing Under Seal in Civil Cases,[3] and must include the following provision in any proposed agreement or protective order submitted for the Court's consideration:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.
>
> For documents filed other than during a hearing or trial, as a general

---

[3] This document is available at http://www.gand.uscourts.gov/sites/default/files/NDGARulesAppH.pdf.

matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02[4] regarding sensitive information and public access to electronic case files.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information. The parties should refrain from sealing an entire document when only certain information is confidential.

In addition, the Court will normally not seal documents used in open court at a hearing or trial absent extraordinary circumstances.

## V.    MOTIONS FOR SUMMARY JUDGMENT

### A.    <u>Record References</u>

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. If citing a document that has previously been docketed, the party's citation

---

[4] This document is available at http://www.gand.uscourts.gov/system/files/Standing_Order_04-02.pdf.

should include the number of the docket entry where the document appears. Pinpoint citations should provide the page number stamped by the Court's electronic filing system on the heading of the document. For example: [Doc. 100 at 20].

The party should include in the brief, immediately following a deposition reference, a citation indicating the page of the transcript where the referenced testimony can be found. The party need not attach to the brief a copy of the entire deposition transcript. The entire deposition transcript is to be filed separately under a notice of filing original deposition transcript.

### B.    Statement of Material Facts & Response

Local Rule 56.1(B), NDGa, contains information on the form for a movant's statement of material facts. "Each material fact must be numbered separately and supported by a <u>citation to evidence</u> proving such fact."  Local Rule 56.1(B), NDGa (emphasis added).  A party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following.

### C.    <u>Requests for Oral Argument</u>

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court may ask for argument and will consider any request for a hearing.  If oral argument is requested, the party should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.  The Court will look favorably on requests for oral argument in any case in which a lawyer with less than five (5) years experience will be chiefly responsible for oral argument.

## VI.    PRETRIAL ORDER, PRETRIAL CONFERENCE AND TRIAL

### A.    <u>Pretrial Order</u>

The proposed consolidated Pretrial Order shall be filed no later than 30 days after the close of discovery, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later, unless another specific date has been set by the Court.

The statement of contentions in the Pretrial Order governs the issues to be tried. Plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out and, in a multi-defendant case, the actionable conduct of each Defendant should be

identified. Defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

Prior to listing questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve or questions which the parties wish to propound to the jurors on voir dire examination, please review the qualifying and background questions listed in Exhibits A and B to this Standing Order that are regularly asked by the Court in all civil trials. Please do not duplicate any of these questions in your proposed voir dire requests.

The exhibits intended to be introduced at trial shall be specifically identified. The parties shall mark their exhibits using Arabic numbers (Plaintiff's Exhibits 1 or Plaintiff Jones-1 if more than one plaintiff, for example). The parties shall adhere to the guidelines of color coding of exhibit stickers set forth in Local Rule 16.4B (19)(b), NDGa.

In listing witnesses or exhibits, a party may not reserve the right to supplement their list nor may a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial unless a party can establish that the failure to permit their use would cause a manifest injustice.

28

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory, or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

## B.    Pretrial Conference

The Court will conduct a pretrial conference prior to trial. The purpose of the conference is to simplify the issues to be tried, rule on evidentiary objections raised in the Pretrial Order and motions in limine, and review proposed voir dire requests.

The attorneys for all parties are directed to meet together by agreement, initiated by counsel for the Plaintiff, no later than 10 days before the date of the pretrial conference to discuss settlement, and stipulate to as many facts and issues as possible.

At the pretrial conference, the parties will be required to identify the specific witnesses that will be called in their case-in-chief. The Court may require the parties to bring to the pretrial conference those exhibits they plan to introduce at trial and to which there are objections, so that the Court may

consider the objections. Unless otherwise indicated, the Court will decide motions in limine prior to or at the pretrial conference.

### C.    Time in Court During Trial

The Court usually is in session from 9:00 a.m. until 5:00 p.m. There will be a 15 minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.

### D.    Voir Dire

Voir dire will be conducted as follows. In civil cases that are not expected to last more than one week, the Court will empanel eight jurors. The panel from which the eight will be selected will normally consist of eighteen to twenty prospective jurors. The Court may empanel additional jurors for cases expected to last more than one week. The number to empanel will be determined after receiving input from the parties. Except in unusual circumstances, no alternates will be empaneled for civil cases.

During voir dire, the Court will briefly inform the jury of the name and nature of the case and ask a series of qualifying questions contained in the list attached as Exhibit A. Counsel may request that additional qualifying questions be asked by the Court. The Court will then ask each juror to verbally respond to a series of background questions that are contained in the list attached as Exhibit B. Following the qualifying and background questions asked by the Court, counsel for each side will be permitted to question the jurors collectively and/or individually using voir dire questions previously approved by the Court and to question any juror as a follow-up to that juror's previous response to a qualifying or background question.   The Court typically will permit each party no more than 20 minutes for questions and follow-up.

The jury will then be excused from the courtroom for a 15 minute recess to permit counsel time to review their notes prior to striking the jury. All challenges for cause will be heard at this time. Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief follow-up questions to any particular juror(s). After the Court rules on any such requests, the jury will be brought back into the courtroom.

After the Court asks any necessary follow-up questions, counsel shall strike the jury. Each side shall be entitled to 3 peremptory strikes. The

Courtroom Deputy Clerk will pass the peremptory strike sheet back and forth between counsel, beginning with plaintiff, and counsel will write one juror number to be stricken. This will continue until each side has exercised its allotted strikes. The Court will then call the names of the jurors who have been selected, and they will take a seat in the jury box. At this time, counsel may make motions challenging the makeup of the jury at a sidebar. The remaining panel will be excused, and the selected jury will be sworn.

### E.     Courtroom Procedure at Trial

Opening statements generally are limited to 20 minutes per side. Closing arguments generally are limited to 30 minutes per side. Parties requesting more time for these presentations must seek leave of Court at the pretrial conference.

It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern.  During trial, a portable microphone is available that will allow counsel to move about the courtroom. Any witness not testifying from the witness stand must also use a portable microphone.

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods, or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with Local Rule 16.4, NDGa. A notebook containing all exhibits should be tendered to the Courtroom Deputy Clerk prior to the start of trial, for use by the judge on the bench during proceedings.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would provide the Court with a small (e.g., letter or legal-sized) copy of the exhibit or board so the Court can view its contents.

All papers intended for the judge should be handed to the Courtroom Deputy Clerk, who will pass them to the judge. Counsel are not required to obtain permission from the judge to approach a witness in order to show the witness an exhibit or other document.

Only one attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness.

Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an objection that is likely to be sustained. Such matters should be taken up with the Court outside the presence of the jury.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at sidebar. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the judge.

Counsel should not address comments or questions to each other. All arguments, objections, and motions should be addressed to the Court. The Court expects approximately six hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

F.    **Courtroom Technology**

Our courtroom has various electronic equipment for use by counsel at trial.  For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

A Court order is required to bring boxes of exhibits, electronic devices such as projectors or laptops, etc. (virtually anything necessary for use at trial) into the courthouse.[5]  The parties should file a motion, with a proposed order, detailing the equipment they wish to bring into the courtroom. This should be done not less than three (3) business days prior to the hearing or trial, to allow for proper notification to the United States Marshals Service.

---

[5] Members of the Northern District of Georgia's Bar may apply for an attorney ID card (commonly referred to as the "Blue Card"). The Blue Card will allow approved attorneys to bring cellular telephones with cameras and some other electronic equipment into the courthouse without a court order. The procedure for obtaining a Blue Card is explained on the Court's website under the "Attorney Information" page. Please contact the U.S. Marshals Service to clarify what equipment attorneys are permitted to bring into court with a Blue Card.

### G.    <u>Jury Instructions</u>

<u>A single, unified set of requests to charge and proposed verdict forms are required to be filed no later than seven (7) days before the date of trial and emailed to the Courtroom Deputy Clerk in Microsoft Word format.</u> Where a proposed instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction. Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable. If state law applies, counsel shall use the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

**IT IS SO ORDERED**.

Sarah E. Geraghty
United States District Judge

## QUALIFYING QUESTIONS

1.    Does any member of the panel know or are you related to (Plaintiff's attorney?

2.    Does any member of the panel know any employees of, or has any member of the panel or their immediate family worked for or been represented by the law firm of

_____?

3.    Does any member of the panel know or are you related to (Defendant's attorney)?

4.    Does any member of the panel know any employees of, or has any member of the panel or their immediate family worked for or been represented by the law firm of

_____?

5.    Does anyone know or are you related to Plaintiff in the case?

6.    Does anyone know or are you related to Defendant in the case?

7.    Does anyone know any of the following individuals who may be witnesses in this case? [Witnesses listed]

8.    Does anyone believe you know anything about this case or that you have heard anything about this case before coming to Court today?

9.    Is there any member of the panel who would not accept the law as I give it to you in my instructions even if you disagree with the law?

10.   Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

11.   Does any juror hold any belief, religious or otherwise, which discourages or prevents jury service?

EXHIBIT A

## BACKGROUND QUESTIONS

1.    State your name.

2.    (a)    In what city and county do you live?
      (b)    How long have you lived there?
      (c)    What was your previous county of residence and how long did you live there?

3.    (a)    Are you employed?
      (b)    If so, tell us what kind of work you do – whether you work for someone else or are you self-employed?
      (c)    If you work for someone else, for whom do you work?
      (d)    If you are retired, what kind of work did you do before you retired.
      (e)    Tell us briefly where else you have worked in the last twelve years.

4.    (a)    Are you married?
      (b)    If so, is your spouse employed outside the home?  If so, what kind of work does your spouse do and who is her employer?

5.    (a)    Do you have children?
      (b)    If so, tell us their ages.
      (c)    If they are employed, tell us who they work for and what kind of work they do.

6.    What is your educational background?

7.    Have you ever served on a jury before?  If so:
      (a)    When?
      (b)    Where?
      (c)    What type of case?
      (d)    Were you the foreperson?
      (e)    Have you ever served on a jury that deadlocked and could not reach a verdict?

8.    Have you ever served on a grand jury before?
      (a)    Were you the foreperson?

9.    Did you ever serve in the military?  If so, state the branch and years of service.

10.   Have you ever been a party to a lawsuit other than a suit for divorce or child custody?

EXHIBIT B